**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

**In Re:**     **Lynne Dougherty**     :   **Chapter 13**
                     **Debtor**          :
                                         :   **Bankruptcy No. 15-**
                                         :
                                         :   **Initial Plan**

**INITIAL CHAPTER 13 PLAN**
**NOTICE TO ALL CREDITORS AND INTERESTED PARTIES**

This plan supersedes, nulls, voids and cancels any previous filed plan that was filed for this bankruptcy case.

This plan contains evidentiary matter which if not controverted, may be accepted by the court as true, creditors cannot vote on this Plan but may object to its confirmation pursuant to Bankruptcy Code Section 1324 and local rules. Such objection must be filed with the Clerk, U.S. Bankruptcy Court, 900 Market Street, Suite 400, Philadelphia, PA 19107-4299, and serve a copy on the counsel, Jeffery A. Fournier, 2480-B Durham Road, Bristol, PA 19007 attorney for the Debtor, and Chapter 13 Trustee. Absent any such objection, the Court may confirm this Plan and accept the valuation and allegations contained herein.

Debtor(s) agrees and proposes the following Chapter 13 Plan:

1. Debts. All debts are provided for by this Plan. Only creditors holding claims duly provided and allowed shall be entitled to payment from the Trustee. Claims not timely filed in accordance with the Bankruptcy Code will not be provided for in this Plan. Any refinancing done by Debtor to payoff this Plan shall be approved by the United States Bankruptcy Court by way of motion and hearing.

2. Payments. The debtor shall pay to the Chapter 13 Trustee the following payments:

| Monthly Payment Amount | Month Payment Commences | Total Monthly Payments | Total Amount |
|---|---|---|---|
| $300.00 | 9/2015 | 60 | $19,000.00 |
|  |  | Grand Total: | $19,000.00 |

3. Priority Claims. Full Payment in deferred cash payment of all claims entitled to priority under 11 U.S.C. Section 507 shall be paid as follows in full and final satisfaction of the priority obligation:

    a. The Trustee shall retain $3,000.00 from the initial Trustee payments received, and hold such retainer to be disbursed as attorney fees for Jeffery A. Fournier, Esquire as the Court shall further direct;

    b. Trustee in accordance with the 11 U.S.C. Section 586(e)(B) of the United States Bankruptcy Code;

    c. All priority tax claims will be provided for in this Plan.

4. Secured Claim – Pre petition Arrearage Paid Through Plan.  Holders of the below listed allowed secured claims shall retain the liens (excluding liens subject to a strip down, judgment liens and liens on household goods) securing such claims and shall be paid as follows in full and final satisfaction of the pre-petition obligation, all post petition obligations due to these creditors will be paid directly to the creditor outside this Chapter 13 Plan:

    a. None.

5. Secured Claim - Claims Not to be Provided for in this Plan - will be paid outside the Plan:

    a. Wells Fargo Bank N.A. will be paid outside of the Plan by way of loan modification.

6. Secured Claim - Claims Paid in Full Through Plan.  Holders of the below listed allowed secured claims shall retain the liens (excluding liens subject to a strip down, judgment liens and liens on household goods) securing such claims and the total amount listed on the claim shall be paid in full and final satisfaction of their total claim, all post petition obligations due to these creditors will not be paid directly to these Creditors outside this Chapter 13 Plan:

    a. None.

7. Secured Claim - Claims Not to be Paid, Property to be Surrendered.  Holders of the below listed allowed secured claims will not be provided for in this Chapter 13 Plan.  These creditors must file and be granted by the Bankruptcy Court their motion for relief from the automatic stays and pursue state law and state court remedies to obtain the below listed property that they have a secured interest on:

| Name of Creditor | Description of Property With Secured Interest |
|---|---|

    a. None

8. Secured claims - Liens to be Avoided.  Holders of the below listed allowed secured claims will not be provided for in this Chapter 13 Plan and their liens will be avoided as provided for under 11 U.S.C. Section 522(f) of the United States Bankruptcy Code:

| Name of Creditor | Description of Property With Secured Interest |
|---|---|
| a. American Express | residence – judgment lien |

9. Unsecured Claims - Payment in Full.  Holders of the below listed unsecured claims which are duly allowed shall be paid in full in full and final satisfaction of the unsecured obligation:

   a. None.

10. Unsecured Claims – Paid Pro Rata.  Holders of the below listed allowed unsecured claims which are duly allowed shall be paid pro rata in full and final satisfaction of the pre-petition obligation:

    a. All allowable general unsecured creditors shall be paid pro rata.

11. Title to Debtors Property.  Title to the debtor(s) property shall revest in the Debtor(s) on confirmation of a plan - upon dismissal of the case after confirmation pursuant to 11 U.S.C. Section 350.

/S/Lynne Dougherty_____
Lynne Dougherty,   Debtor